**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**CNH INDUSTRIAL CAPITAL**                                                       **PLAINTIFF**
**AMERICA, LLC**

**V.**                                                         **NO. 4:17-CV-55-DMB-JMV**

**T & P FARMS, LLC and**
**MICHAEL J. MASSEY, JR.**                                          **DEFENDANTS**

**ORDER**

Before the Court is CNH Industrial Capital America, LLC's request for immediate possession of collateral equipment specified in Count I of its complaint against T & P Farms, LLC and Michael J. Massey, Jr.

**I**
**Procedural History**

On May 2, 2017, CNH Industrial Capital America, LLC filed a two-count verified complaint in this Court against T & P Farms, LLC and Michael J. Massey, Jr. Doc. #1. Count I asserts an action for replevin and seeks immediate possession of collateral used to secure four contracts. *Id*. at ¶¶ 25–28. Count II seeks recovery for all sums due under the contracts. *Id*. at ¶ 30.

On June 14, 2017, CNH filed an "Ex-Parte Motion for Entry of Fiat." Doc. #3. United States Magistrate Judge Jane M. Virden issued a fiat on the ex parte motion on June 21, 2017, directing the Clerk of the Court to issue summons commanding the defendants to appear for hearing before the undersigned "to determine the rights of the parties as to the possession of the Collateral as described in the Complaint." Doc. #4. On August 15, 2017, the defendants filed their "Answer and Defenses" to the complaint. Doc. #16. After twice being reset, the evidentiary

hearing was held August 23, 2017. Doc. #18. At the conclusion of the hearing, the Court provided the defendants time to submit supplemental authority related to certain equitable defenses raised during oral argument. The defendants submitted no such authority.

## II
## Applicable Law

"Rule 64(a) of the Federal Rules of Civil Procedure allows courts to seize property to the extent allowed by the laws of the state where the court is located." *A.T.N. Indus., Inc. v. Gross*, 632 F. App'x 185, 192 (5th Cir. 2015). Under Mississippi law, "[t]o initiate a replevin action with notice to the adverse party and a hearing, one must 'file a declaration under oath setting forth the[] matters shown in subparagraphs (a) through (e) Section 11-37-101 ….'" *Regions Commercial Equip. Fin. LLC v. Performance Aviation, LLC*, No. 2:16-cv-110, 2017 WL 354275, at *4 (S.D. Miss. Jan. 24, 2017) (quoting Miss. Code Ann. § 11-37-131).

Section 11-37-101 of the Mississippi Code provides:

If any person, his agent or attorney, shall file a complaint under oath setting forth:

(a) A description of any personal property;

(b) The value thereof, giving the value of each separate article and the value of the total of all articles;

(c) The plaintiff is entitled to the immediate possession thereof, setting forth all facts and circumstances upon which the plaintiff relies for his claim, and exhibiting all contracts and documents evidencing his claim;

(d) That the property is in the possession of the defendant; and

(e) That the defendant wrongfully took and detains or wrongfully detains the same ….

Miss. Code. Ann. § 11-37-101. A plaintiff seeking replevin bears the burden "to establish her right to the immediate possession of the [property] by a preponderance of the credible evidence." *King v. Monaghan*, 85 So.2d 911, 913 (Miss. 1956). Conversely, "the burden is upon a defendant in a

replevin action to prove [any] affirmative defense." *Patrick v. Michigan Nat'l Bank*, 220 So.2d 273, 275 (Miss. 1969).

## III
## Factual Findings

This replevin action involves the execution of four installment sales contracts (named in the complaint as Contracts, 1, 2, 3, and 4) which were signed by T & P and guaranteed by Massey. At the evidentiary hearing, however, CNH withdrew its replevin claim based on Contract 3.

### A. Contract 1 (No. 61786001)

On April 24, 2015, T & P purchased from Medlin Equipment Company of Mississippi County a Case IH Tractor 4WD Model No. STX580 (S/N ZEF300549) and one Rome Scraper Model No. 1814E (S/N RP-18E14.5-106) ("Contract 1 Collateral"). The purchase was evidenced by a Retail Installment Sale Contract and Security Agreement ("Contract 1"). Ex. P-1. The contract reflects $381,795.66 in financing, to be paid in sixty monthly payments of approximately $6,813 beginning on May 24, 2015; and states that, in the event of a default in payment, the seller has the right to "take possession of all Collateral, without notice or hearing …." *Id*. at 1, 3.

The contract included a provision assigning Medlin's interest in the contract to CNH. *Id*. at 1. Of relevance to the assignment, the contract provided:

> Buyer will not assert against Assignee any claim or defense which Buyer may have against Seller, the manufacturer of the Equipment, or any other person, Buyer agrees that its obligation to remit payments will not be subject to, and it will not make any claim against Assignee for breach of any representation, warranty or condition with respect to the Equipment and that its obligation to pay Assignee all amounts under this Agreement is absolute and unconditional without abatement, reduction, set-off, counterclaim or interruption for any reason whatsoever, including any dispute which now or hereafter arises between Buyer and Seller or any other person.

*Id*. at 2.

CNH perfected its security interest in the Contract 1 Collateral through a UCC-1 Financing Statement, Filing Number 20151638519A, filed with the Secretary of State on April 30, 2015. Ex. P-2. After making a payment on December 12, 2016, T & P ceased making payments under Contract 1. *See* Ex. P-4.

### B. Contract 2 (No. 61786002)

On, July 14, 2015, T & P purchased a John Deere Tractor 4WD Model No. 9630 (S/N RW9630P013151) and a John Deere Pull Scraper Model No. 2112E (S/N T82112E080403) ("Contract 2 Collateral") from Medlin. Ex. P-5. The purchase was evidenced by a Retail Installment Sale Contract and Security Agreement ("Contract 2") identical in form to Contract 1. *Id*. The contract reflects $189,096.50 in financing, to be paid in sixty monthly payments of approximately $3,556 beginning on August 14, 2015. *Id*.

CNH perfected its purchase money security interest in the Contract 2 Collateral through a UCC-1 Financing Statement, Filing Number 20151713358A, filed with the Secretary of State on July 21, 2015. Ex. P-6. After making a payment on December 12, 2016, T & P ceased making payments under Contract 2. *See* Ex. P-7.

### C. Contract 4 (No. 61786004)

On March 23, 2015, T & P purchased a Case IH STEIGERS Model No. STX580 (S/N ZEF300374), a John Deere Pull Scraper Model No. 1814C (S/N 60208), and a John Deere Pull Scraper Model No. 1814C (S/N 60237) ("Contract 4 Collateral") from Medlin. Ex. P-9. The purchase was evidenced by a Retail Installment Sale Contract and Security Agreement ("Contract 4"), identical in form to Contract 1. The contract reflects $434,534.00 in financing, to be paid in sixty monthly payments of approximately $7,945 beginning on April 23, 2015. *Id*.

CNH perfected its purchase money security interest in the Contract 4 Collateral through a UCC-1 Financing Statement, Filing Number 20151607001A, filed with the Secretary of State on March 25, 2015. Ex. P-10. After making a payment on September 13, 2016, T & P ceased making payments under Contract 4. Ex. P-12.

## IV
## Discussion

A plaintiff in a replevin action establishes the right to immediate possession by demonstrating a default on a purchase contract and a perfected security interest in the collateral. *Hammond v. Caterpillar Fin. Servs. Corp.*, 66 So.3d 700, 702 (Miss. Ct. App. 2011). T & P does not dispute that it is in default on Contracts 1, 2, and 4, or that CNH holds a perfected security interest in the relevant collateral. Rather, it asks the Court to exercise its inherent equitable powers "to take into the totality of the circumstances regarding the situation and provide him some relief as to the equipment." In seeking equitable relief, T & P argues that there were problems with the collateral and that Massey needs the collateral to continue his business and provide for his family. CNH responds that defenses related to the condition of the collateral are properly asserted against the seller and thus may not be asserted against CNH under the waiver provision quoted above.

The replevin statute limits a court "to determin[ing] the rights of the parties as to possession." Miss. Code Ann. § 11-37-131. While a rule of equity may play some role in this determination, such as where a party claims an equitable lien in the subject of the action,[1] T & P has not cited, and this Court has not found, any authority which supports the proposition that a possessory interest in collateral may be equitably created by either the condition of collateral unrelated to the existence of a default or the need for continued possession. In the absence of such

---

[1] *See Hall v. Corbin*, 478 So.2d 253, 254 (Miss. 1985) (party may intervene in replevin action based on equitable lien).

authority, the Court declines to find an equitable possessory interest. Accordingly, CNH has a right to immediate possession of the collateral used to secure Contracts 1, 2, and 4. In this regard, the Court finds that, pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay as to entry of a final judgment on Count I of the complaint.

## V
## Conclusion

CNH is entitled to possession of the Contract 1 Collateral, Contract 2 Collateral, and Contract 4 Collateral. A judgment on Count I of the complaint will be entered accordingly.

**SO ORDERED**, this 5th day of October, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**