**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

CNH INDUSTRIAL CAPITAL
AMERICA, LLC                                                                              PLAINTIFF

V.                                                                           NO. 4:17-CV-55-DMB-JMV

T & P FARMS, LLC and
MICHAEL J. MASSEY, JR.                                                          DEFENDANTS

### FINAL CONSENT JUDGMENT

In accordance with the Court's order granting the parties "Joint Motion for Entry of Final Consent Judgment," this final judgment is issued as to Count I: Replevin and Count II: Monetary Judgment based on the following:

1. This Court has jurisdiction over the subject matter of, and the parties to, this action. Venue is proper in this Court.

**Contract 1 (Loan No. 61786001)**

2. On April 24, 2015, T & P Farms, LLC ("Borrower") purchased from Medlin Equipment Company of Mississippi County, Missouri a Case IH Tractor 4WD Model No. STX580 (S/N ZEF300549) and one Rome Scraper Model No. 1814E (S/N RP-18E14.5-106) ("Contract 1 Collateral"). The purchase was evidenced by a Retail Installment Sale Contract and Security Agreement ("Contract 1"). The contract reflects $381,795.66 in financing, to be paid in sixty monthly payments of approximately $6,813 beginning on May 24, 2015; and states that, in the event of a default in payment, the seller has the right to "take possession of all Collateral, without notice or hearing …."

3. The contract included a provision assigning Medlin's interest in Contract 1 to CNH Industrial Capital America, LLC. Of relevance to the assignment, the contract provided:

Buyer will not assert against Assignee any claim or defense which Buyer may have against Seller, the manufacturer of the Equipment, or any other person, Buyer agrees that its obligation to remit payments will not be subject to, and it will not make any claim against Assignee for breach of any representation, warranty or condition with respect to the Equipment and that its obligation to pay Assignee all amounts under this Agreement is absolute and unconditional without abatement, reduction, set-off, counterclaim or interruption for any reason whatsoever, including any dispute which now or hereafter arises between Buyer and Seller or any other person.

4. CNH perfected its security interest in the Contract 1 Collateral through a UCC-1 Financing Statement, Filing Number 20151638519A, filed with the Secretary of State on April 30, 2015. After making a payment on December 12, 2016, T & P ceased making payments under Contract 1.

5. Borrower has surrendered the Rome Scraper Model No. 1814E (S/N RP-18E14.5-106) to CNH.

6. As of January 25, 2017, Borrower is indebted to CNH under Contract 1 in the principal amount of $265,472.78, interest accruing after January 25, 2017, at the contract rate of 7.74% per annum, and late fees in the amount of $1,750.00.

7. Contemporaneously with the execution of Contract 1, Michael J. Massey, Jr. executed a Guaranty ("Guaranty 1") whereby he:

> unconditionally and irrevocably guarantee[d] the payment, performance and complete fulfillment of all Obligations, as defined in the Agreement described above, of the Buyer to Secured Party, and any amendments or supplements thereto, whether heretofore or hereafter incurred, including any revisions, renewals, consolidations and extensions thereof, any of which may be made without notice to the Guarantor.

**Contract 2 (Loan No. 61786002)**

8. On July 14, 2015, T & P purchased a John Deere Tractor 4WD Model No. 9630 (S/N RW9630P013151) and a John Deere Pull Scraper Model No. 2112E (S/N T82112E080403) ("Contract 2 Collateral") from Medlin. The purchase was evidenced by a Retail Installment Sale

Contract and Security Agreement ("Contract 2") identical in form to Contract 1. The contract reflects $189,096.50 in financing, to be paid in sixty monthly payments of approximately $3,556 beginning on August 14, 2015.

9. CNH perfected its purchase money security interest in the Contract 2 Collateral through a UCC-1 Financing Statement, Filing Number 20151713358A, filed with the Secretary of State on July 21, 2015. After making a payment on December 12, 2016, T & P ceased making payments under Contract 2.

10. As of July 25, 2017, Borrower is indebted to CNH under Contract 2 in the principal amount of $137,386.01, interest accrued through January 25, 2017, in the amount of $2,180.94, interest accruing after January 25, 2017, at the contract rate of 7.74% per annum and late fees in the amount of $241.38.

11. Contemporaneously with the execution of Contract 2, Massey executed a Guaranty ("Guaranty 2") whereby he:

> unconditionally and irrevocably guarantee[d] the payment, performance and complete fulfillment of all Obligations, as defined in the Agreement described above, of the Buyer to Secured Party, and any amendments or supplements thereto, whether heretofore or hereafter incurred, including any revisions, renewals, consolidations and extensions thereof, any of which may be made without notice to the Guarantor.

**Contract 3 (Loan No. 61786001)**

12. On, February 19, 2016, Borrower executed a Retail Installment Sale Contract and Security Agreement ("Contract 3") in favor of CNH in the original principal amount of $275,321.50, bearing interest at a rate of 7.49% per annum with a maturity date of February 19, 2019. Contract 3 is secured by a purchase money security interest in one CASE IH STEIGERS Model No. STX600 (S/N ZCF129948) ("Contract 3 Collateral").

13. Contemporaneously with the execution of Contract 3, Massey executed a Guaranty

("Guaranty 3") whereby he:

> unconditionally and irrevocably guarantee[d] the payment, performance and complete fulfillment of all Obligations, as defined in the Agreement described above, of the Buyer to Secured Party, and any amendments or supplements thereto, whether heretofore or hereafter incurred, including any revisions, renewals, consolidations and extensions thereof, any of which may be made without notice to the Guarantor.

14. CNH perfected its purchase money security interest in the Contract 3 Collateral by UCC-1 Financing Statement, Filing Number 20151584917A filed with the Secretary of State on February 23, 2015.

15. Sometime after the execution of Contract 3, the Contract 3 Collateral was destroyed in a fire. A casualty insurance claim paid the indebtedness of Borrower under Contract 3 to CNH.

**Contract 4 (Loan No. 61786004)**

16. On March 23, 2015, T & P purchased a Case IH STEIGERS Model No. STX580 (S/N ZEF300374), a John Deere Pull Scraper Model No. 1814C (S/N 60208), and a John Deere Pull Scraper Model No. 1814C (S/N 60237) ("Contract 4 Collateral") from Medlin. The purchase was evidenced by a Retail Installment Sale Contract and Security Agreement ("Contract 4"), identical in form to Contract 1. The contract reflects $434,534.00 in financing, to be paid in sixty monthly payments of approximately $7,945 beginning on April 23, 2015.

17. CNH perfected its purchase money security interest in the Contract 4 Collateral through a UCC-1 Financing Statement, Filing Number 20151607001A, filed with the Secretary of State on March 25, 2015. After making a payment on September 13, 2016, T & P ceased making payments under Contract 4.

18. Borrower has voluntarily surrendered the Contract 4 Collateral to CNH.

19. As of January 25, 2017, Borrower is indebted to CNH under Contract 4 in the principal amount of $328,605.38, interest accrued through January 25, 2017, in the amount of

4

$8,621.56, interest accruing after January 25, 2017, at the contract rate of 7.44% per annum and late fees in the amount of $1,750.00.

20. Contemporaneously with the execution of Contract 4, Massey executed a Guaranty ("Guaranty 4") whereby he:

> unconditionally and irrevocably guarantee[d] the payment, performance and complete fulfillment of all Obligations, as defined in the Agreement described above, of [Borrower] to [CNH], and any amendments or supplements thereto, whether heretofore or hereafter incurred, including any revisions, renewals, consolidations and extensions thereof, any of which may be made without notice to [Massey].

21. Contract 1, Contract 2 and Contract 4 (collectively, the "Contracts") are cross-collateralized. The Contracts all contain language that states:

> **6. Security Interest/Cross Collateralization.** [Borrower] hereby grants to Seller and its successors and assigns (including [CNH]) a first priority purchase money security interest in the Equipment,…to secure payment and performance <u>of all</u> existing and future obligations of [Borrower] under this Agreement or any other agreement between [Borrower] and Seller, between [Borrower] and [CNH] or any affiliate of [CNH], or where [Borrower], under another agreement in favor of Seller or [CNH], is a guarantor or obligor (the "Obligations").

22. The Contracts also contain a "Cross Default" provision which provides:

> **14. Default/Cross Default.** [Borrower] shall be in default under this Agreement, and any other agreement with or assigned to [CNH], if any of the following occurs (each an "event of default"): (a) [Borrower] fails to pay when due any of the Obligations, or to perform any covenant or other obligation of [Borrower] under this Agreement or any other agreement with or assigned to [CNH];…

23. The Contracts provide for payment of attorney's fees incurred by CNH in enforcing its rights under the Contracts. The Contracts provide:

> **16. Expenses.** To the extent not prohibited by law, [Borrower] shall reimburse Seller or [CNH] for any expense incurred by Seller or [CNH] in protecting, defending or enforcing their rights under this Agreement, including, without limitation, reasonable attorneys' fees and legal expenses and all expenses of taking possession, transporting, holding, repairing, refurbishing, preparing for disposition and disposing of the Collateral, and all expenses and costs incurred in collection the Obligations….

24. CNH has incurred attorney's fees in connection with collection of the Contracts in the amount of $21,689.53.

25. On October 5, 2017, the Court entered an Order whereby it ordered CNH is entitled to possession of the Contract 1 Collateral, Contract 2 Collateral and Contract 4 Collateral under Count I of the Complaint. Doc. #22. The Court also entered a final judgment according to Rule 54(b) of the Federal Rules of Civil Procedure awarding the same relief. Doc. #23. Count II of the Complaint has not been adjudicated and remains pending.

26. CNH and Borrower have agreed to entry of a final judgment disposing of all claims and defenses of all parties to this civil action granting the following relief, which the Court now orders:

    a.    CNH is entitled to immediate possession of the Case IH Tractor 4WD Model No. STX580 (S/N ZEF300549), the John Deere Tractor 4WD Model No. 9630 (S/N RW9630P013151), and the John Deere Pull Scraper Model No. 2112E (S/N T82112E080403) (collectively, "Remaining Collateral").

    b.    Borrower shall disclose the location of the Remaining Collateral to the United States Marshal and shall assemble the Remaining Collateral and segregate it from Borrower's other property so that CNH may take immediate possession of the Remaining Collateral.

    c.    The United States Marshal, or other lawful officer, shall immediately seize the Remaining Collateral and deliver same to CNH or its agent and in the event the Remaining Collateral is located outside the jurisdiction of the United States District Court for the Northern District of Mississippi, Borrower shall cause the Remaining Collateral to be transported within the jurisdiction of the United States District

Court for the Northern District of Mississippi within five (5) days of execution.

    d.    The failure of Borrower to comply with this Final Judgment shall subject Borrower to the contempt powers of this Court, but only after the filing of an appropriate motion, notice, and an opportunity for a hearing.

    e.    A monetary judgment is entered on Count II of the Complaint in favor of CNH against Borrower and Massey, jointly and severally:

        i.    Under Contract 1 in the principal amount of $265,472.78, interest accruing after January 25, 2017, at the contract rate of 7.74% per annum through date of entry of this judgment, post judgment interest accruing at the legal rate as defined by 28 U.S.C. § 1961, late fees in the amount of $1,750.00 and attorney's fees and costs of collection in the amount of $21,689.53.

        ii.    Under Contract 2 in the principal amount of $137,386.01, interest accrued through January 25, 2017, in the amount of $2,180.94, interest accruing after January 25, 2017, through entry of judgment at the contract rate of 7.74% per annum, post judgment interest accruing at the legal rate as defined by 28 U.S.C. § 1961 and late fees in the amount of $241.38.

        iii.    Under Contract 4 in the principal amount of $328,605.38, interest accrued through January 25, 2017, in the amount of $8,621.56, interest accruing after January 25, 2017, through entry of judgment at contract rate of 7.74% per annum, post judgment interest accruing at the legal rate as defined by 28 U.S.C. § 1961 and late fees in the amount of $1,750.00.

    f.    The final judgment as to Counts I and II of the Complaint and this Final Consent Judgment are final judgments pursuant to Rule 54 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this 30th day of May, 2018.

>  **/s/Debra M. Brown**
>  **UNITED STATES DISTRICT JUDGE**